981 So.2d 1021 (2008)
James Harold ROPER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01791-COA.
Court of Appeals of Mississippi.
January 8, 2008.
Rehearing Denied April 29, 2008.
W. Daniel Hinchcliff, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
KING, C.J., for the Court.
¶ 1. On September 7, 2006, James Roper was convicted of sexual battery in the Circuit Court of Quitman County. He was sentenced as an habitual offender to thirty years in the custody of the Mississippi Department of Corrections. Aggrieved, he appeals and alleges that the trial court erred in the denial of his jury instruction. We find no error and affirm.

FACTS
*1022 ¶ 2. On November 3, 2003, D.W.[1] went to a neighbor's house while they were having a cookout in Lambert, Mississippi. D.W., Roper, and several other guests were in attendance at the cookout. At some point during the cookout, D.W. and Roper each left the cookout. D.W. stated that while on the way home, Roper "snatched him up" and put him in his car and drove away. D.W. testified that Roper took him to a church in Crowder, Mississippi. There, they exited the vehicle and Roper instructed D.W. to remove his pants. D.W. refused and Roper then pulled D.W.'s pants down. At that point, Roper disrobed himself and tried to put his "whatchacallit" in D.W.'s "booty." Roper then performed oral sex on D.W. After Roper had completed the act, he returned D.W. to Lambert around 1:00 a.m. He dropped him off on the train tracks and threatened to kill D.W. if he told anyone what happened.
¶ 3. After being dropped off by Roper, two girls found D.W. walking alone down by the train tracks. They testified that he was acting in a strange manner and even ended up biting one of them. Shortly thereafter, D.W.'s uncle came by and took D.W. back to his mother's house.
¶ 4. It was not until nine months later that D.W. told his mother what happened on that night. During the description of what happened, D.W. identified Roper by his "raggedy" teeth, scars on his arms, and brown hair.
¶ 5. At trial, Roper chose not to testify, but he instead put on three witnesses. One of these witnesses was Jody Norwood who lived at the house where the cookout took place. Norwood testified that Roper did not leave until an hour or so after D.W. Further, he testified that during the search after D.W. was determined missing, Roper's blue car was parked at Roper's residence.
¶ 6. At the conclusion of testimony, Roper offered an alibi jury instruction, which was refused by the trial court. After receiving the jury instructions, the jury found Roper guilty of sexual battery, but not guilty of kidnapping. Roper then filed a motion for JNOV, alleging several errors, which the trial court denied. Roper then perfected this appeal.

ANALYSIS
¶ 7. Roper asserts that the trial court committed reversible error when it denied jury instruction D-3. Prior to addressing the merits of Roper's claim, we must first address the State's argument that the issue is waived.
¶ 8. The State argues that the issued is waived for two reasons: (1) failure to object to the refusal of the instruction at the trial court and (2) failure to raise the issue in Roper's motion for JNOV. For support, the State cites Nicholson ex rel. Gollott v. State, 672 So.2d 744, 752 (Miss.1996). There, the supreme court stated, "Regarding the instructions Gollott claims the trial court erroneously refused, Gollott failed to object to the refusal of D-4. As a result, this [c]ourt is not bound to address the alleged error on appeal." Id. This statement taken alone would suggest that in order to preserve a refused jury instruction for review, one must make an objection to the refusal.
¶ 9. However, the supreme court clarified this statement in Duplantis v. State, 708 So.2d 1327, 1339(¶ 52) (Miss. 1998). It stated, "Although in dicta we indicated that we could impose a procedural *1023 bar, we did not intend to overrule existing case law and therefore require litigants to object to the denial of instructions that they themselves have offered." Id. Further, prior precedent states that an issue involving the denial of a requested jury instruction:
is procedurally preserved by the mere tendering of the instructions, suggesting that they are correct and asking the Court to submit them to the jury. This in and of itself affords counsel opposite fair notice of the party's position and the Court an opportunity to pass upon the matter. When the instructions are refused, there is no reason why we should thereafter require an objection to the refusal unless we are to place a value upon redundancy and nonsense.
Id. at 1340(¶ 52) (quoting Carmichael v. Agur Realty Co., 574 So.2d 603, 613 (Miss. 1990)). Here, Roper preserved his allegation of error when he tendered the instruction and the trial court refused. He did not need to object to the refusal to preserve the error.
¶ 10. As to the State's second allegation of waiver, it is completely baseless. Roper's motion for JNOV clearly states, "The [c]ourt erred in denying Defense Instruction, D-3, which presented the Defense's theory of the case." Therefore, this issue has not been waived as alleged by the State and we turn to its merits.
¶ 11. Roper alleged that the trial court's denial of his alibi instruction constituted reversible error. The trial court offered two reasons for its denial: (1) there was no factual basis for the instruction, and (2) it would allow Roper to essentially testify without being subject to cross-examination. The specific jury instruction read:
"Alibi" means elsewhere or in another place. In this case, James Harold Roper is asserting the defense of alibi by saying that he was at his home, at the time of the alleged offense.
"Alibi" is a legal and proper defense in law. James Harold Roper is not required to establish the truth of the alibi to your satisfaction, but if the lack of evidence in this case raises in the minds of the jury a reasonable doubt as to whether the defendant was present and committed the crime, then you must give the defendant the benefit of any reasonable doubt and find the defendant not guilty.
¶ 12. This Court views jury instructions as a whole, not individually. Wilson v. State, 592 So.2d 993, 997 (Miss. 1991). "When a defendant asserts the defense of alibi, and presents testimony in support of that defense, the defendant is entitled to a jury instruction focusing upon such a theory." Cochran v. State, 913 So.2d 371, 375(¶ 14) (Miss.Ct.App.2005). However, the instructions must be supported by the evidence. Id. "Where proof does not support an alibi defense, the instruction should not be granted." Id.
¶ 13. The first reason the trial court gave for the denial of the jury instruction was that an evidentiary basis did not exist for the instruction. Specifically, the court said that there was no evidentiary basis that Roper was home at the time of the offense. Roper counters by pointing to the testimony of Norwood. Norwood testified during the defense's case-in-chief that between 10:00 p.m. and 10:30 p.m. he assisted in searching for D.W. During the time that he was searching for D.W., he saw Roper's car at Roper's residence. However, neither Norwood nor any other witness stated that they saw Roper at home after he left the cookout.
¶ 14. While Norwood's testimony might suggest that Roper was at home during the time D.W. was missing, it is mere *1024 conjecture. A similar situation occurred in Morris v. State, 777 So.2d 16, 29(¶ 63) (Miss.2000). There, Wade, a witness for the defendant, stated that Morris had come over to her house with her boyfriend at the time the murder took place. Id. at (¶ 61). However, she stated that she never actually saw him when he supposedly came over. Id. At trial, Morris sought to introduce an alibi jury instruction which was denied. On appeal, the supreme court took into account that Wade never saw Morris on the night of the murder and therefore, there was "no evidence whatsoever to warrant an alibi jury instruction." Id. at (¶ 65).
¶ 15. As in Morris, Roper requests an alibi instruction based on the testimony of a witness that never actually saw him during the time that the crime took place. Therefore, as in Morris, we likewise hold that there was no evidence to warrant an alibi jury instruction.
¶ 16. The trial court's second reason for the refusal of the alibi instruction was that the jury instruction would essentially allow Roper to testify without taking the witness stand. The trial court's reasoning comes from the part of the instruction that reads, "Roper is asserting the defense of alibi by saying that he was at his home, at the time of the alleged offense." (Emphasis added). Roper points out that this is the standard alibi jury instruction and that it has previously been approved by this Court. However, we are still held to the maxim that the trial court may refuse a jury instruction if it does not have a foundation in the evidence presented at trial. Ladnier v. State, 878 So.2d 926, 931-32(¶ 20) (Miss.2004) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss. 1991)). Here, no evidence was presented that Roper said anything. He maintained his constitutionally protected right to remain silent throughout the trial.
¶ 17. Roper points to his trial counsel's request to amend the offending language of the instruction by replacing "saying" with "asserting." However, the trial court responded, "The defendant has not taken the stand in this case. Therefore, he cannot, in the [c]ourt's opinion, effectively assert, make an assertion without testifying." Essentially, the trial court stated that there was not an evidentiary foundation that Roper asserted he was at home at the time of the incident. In fact, no evidence was offered at trial that Roper made any such assertions, either through his choice to remain silent or through the testimony of any other witnesses. Roper had his opportunity to present evidence and testify during the trial. He is not allowed to present new evidence through jury instructions. Therefore, the trial court was correct in its denial of this jury instruction.
¶ 18. When a defendant's jury instruction has an evidentiary basis, properly states the law, and is the only instruction on his theory of the case, it would be reversible error to refuse it. However, "[w]here proof does not support an alibi defense, the instruction should not be granted." Cochran, 913 So.2d at 375(¶ 14). Here, there was no evidentiary basis presented at trial to support the instruction. Therefore, the trial court did not commit error when it denied the alibi instruction, and its judgment is affirmed.
¶ 19. THE JUDGMENT OF THE QUITMAN COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE AS AN HABITUAL OFFENDER TO A TERM OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO QUITMAN COUNTY.
*1025 LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Due to the nature of the offense, the victim's real name is not being used for purposes of this opinion.